IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAVEL VAKULSKY (A# 070-255-590), | ) ) ) | Case No. 5:26-cv-03448-KJM |
| Petitioner, | ) ) | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | ) ) ) | |
| MARKWAYNE MULLIN, Secretary, Department of Homeland Security; ET AL., | ) ) ) ) | |
| Respondents. | ) ) ) | |

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

On June 23, 2026, Petitioner Pavel Vakulsky (A# 070-255-590)

("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition").  ECF No. 1.

Petitioner seeks an order requiring Respondents Markwayne Mullin, Secretary,

Department of Homeland Security, et al. (collectively, "Respondents"), to release

him from immigration detention.  Petitioner is currently detained at the Adelanto

Detention Center.  *Id.* at 2 ¶ 3.

On June 30, 2026, Respondents filed an Answer to the Petition.  ECF No.

10.

On July 2, 2026, Petitioner filed a Reply.  ECF No. 11.

The Court elects to decide this matter without a hearing and based on the written submissions, pursuant to Federal Rule of Civil Procedure 78(b). After carefully considering the memoranda, applicable law, and the record in this case, the Court GRANTS the Petition for the reasons set forth below.

BACKGROUND

Petitioner was born in the former U.S.S.R. in 1971 and immigrated to the United States in 1989, prior to the collapse of the Soviet Union. ECF No. 1 at 4 ¶ 15; ECF No. 11 at 4. Under Ukrainian law, all persons residing in Ukraine who were not nationals of another state, and did not object, became Ukrainian citizens on November 14, 1991. ECF No. 11 at 4. Because Petitioner was not residing in Ukraine in 1991, he did not automatically become a citizen of Ukraine on November 14, 1991. *Id.* Petitioner has never applied for Ukrainian citizenship. *Id.* Petitioner is not, and has never been, a Ukrainian citizen and is now stateless. *Id.*

Petitioner has resided in the United States since 1989. ECF No. 1 at 4 ¶ 16. In September 1989, Petitioner lawfully entered the United States as a refugee and was granted lawful permanent resident status. ECF No. 10-1 at 1 ¶¶ 6, 7; ECF No. 1-1 at 15.

In August 2001, Petitioner was convicted of three counts of mail fraud. ECF No. 10-1 at 1 ¶ 8; *id.* at 3 ¶ 22(a).

2

On July 15, 2003, immigration authorities detained Petitioner.  ECF No. 1 at 4 ¶ 17.  On July 28, 2003, the immigration judge ordered Petitioner removed from the United States to Ukraine.  *Id.*; ECF No. 1-1 at 13.  Petitioner's lawful permanent resident status was later revoked.  *See* ECF No. 1-1 at 23 ¶ 3; ECF No. 10-1 at 1 ¶ 11.

On October 27, 2003, Petitioner was released from immigration custody because he could not be removed to Ukraine.  ECF No. 1 at 4 ¶ 18.  Since then, Petitioner has reported regularly on an order of supervision to Immigration and Customs Enforcement ("ICE").  *Id.* ¶ 19; ECF No. 1-1 at 8–9.  On June 15, 2026, Petitioner appeared for his regular order of supervision appointment was ordered to return for his next scheduled appointment on January 14, 2027.  ECF No. 1 at 4 ¶ 20.

On June 18, 2026, ICE officers detained Petitioner at the Los Angeles airport when he was traveling from Oregon to Florida.  *Id.* ¶ 21; ECF No. 11-1 at 4 ¶ 6.

On June 23, 2026, Petitioner filed the instant Petition.

DISCUSSION

Petitioner asserts four causes of action in the Petition:  (1) Violation of Revocation of Release Regulation, 8 C.F.R. § 241.13(i)(2) and Due Process (Count One); (2) Violation of Revocation Regulation, 8 C.F.R. § 241.4(l) and Due Process

3

(Count Two); (3) Detention Without Statutory Basis; and (4) Indefinite Detention in Violation of 8 U.S.C. § 1231(a)(6) and Due Process (Count Four).  ECF No. 1 at 5–9.

As to Counts One and Two, "[s]pecific regulations, 8 C.F.R. §§ 241.13(i) and 241.4(l), govern how and when ICE may revoke the release of a noncitizen who has been ordered removed."  *Yan-Ling X. v. Lyons*, 813 F. Supp. 3d 1157, 1162 (E.D. Cal. 2025).  "Section 241.13(i) permits revocation of release 'if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future.'"  *Id.* (quoting 8 C.F.R. § 241.13(i)(2)). "Upon revocation, the noncitizen must 'be notified of the reasons for the revocation of his or her release,' and given 'an opportunity to respond to the reasons for revocation stated in the notification.'"  *Acosta v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-00530-TLN-EFB, 2026 WL 350831, at *4 (E.D. Cal. Feb. 9, 2026) (quoting 8 C.F.R. §§ 241.4(l)(1), 241.13(i)(3)).

Respondents do not contest or refute Petitioner's claim that Respondents violated the regulations governing re-detention and revocation of orders of supervision, 8 C.F.R. §§ 241.13(i) and 241.4(l).  Courts have found this violation alone to be sufficient grounds for habeas relief.  *See, e.g.*, *Liu v. Carter*, No. 25-3036-JWL, 2025 WL 1696526, at *3 (D. Kan. June 17, 2025) ("Accordingly,

4

the Court concludes that because officials did not properly revoke petitioner's release pursuant to the applicable regulations, that revocation has no effect, and petitioner is entitled to his release[.]"); *Yan-Ling X.*, 813 F. Supp. 3d at 1167 ("Petitioner has shown that she is likely to succeed on her claim that ICE did not have sufficient grounds to re-detain her under the regulations, and that her re-detention was therefore unlawful.  Her immediate release is required to return her to the status quo ante[.]" (citations omitted)).

Given Respondents' lack of opposition, and based upon the record before it, the Court finds that ICE did not follow its own regulations when making the determination to revoke Petitioner's supervised release, thereby violating Petitioner's right to due process.  Because this is a sufficient basis to grant the Petition, the Court does not address the other causes of action.

CONCLUSION

Based on the foregoing, the Court GRANTS the Petition for Writ of Habeas Corpus (ECF No. 1).  The Court ORDERS Respondents to IMMEDIATELY RELEASE Petitioner Pavel Vakulsky (A# 070-255-590) from custody within 24 hours of this Order.  At the time of release, Respondents must return all of Petitioner's documents and possessions.  Respondents must file Notice of Release by **July 13, 2026**.  If release is delayed for any reason, Respondents shall promptly notify the Court.

5

Respondents are ENJOINED and RESTRAINED from re-detaining Petitioner absent compliance with statutory and constitutional protections.

Upon receipt of confirmation that Petitioner has been released, judgment will issue and the Court will close the case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 3, 2026.



Kenneth J. Mansfield
United States Magistrate Judge

*Pavel Vakulsky v. Mullin, et al.*, Case No. 5:26-cv-03448-KJM; Order Granting Petition for Writ of Habeas Corpus

6